## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LORRAINE CASIAS,

       Plaintiff,

vs.                                            No. CIV 04-0142 JB/ACT

SOUTHWEST MEDICAL ASSOCIATES,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss and Memorandum in Support, filed April 23, 2004 (Doc. 2).  The Court held a hearing on this motion on June 18, 2004.  The primary issue is whether the Court should dismiss this lawsuit because of the parallel litigation currently pending in the state legal system, and arising out of the same facts and circumstances.  Because the Court finds that a dismissal is not warranted at this stage, the Court will instead stay the federal case for 120 days.

## PROCEDURAL BACKGROUND

Plaintiff Lorraine Casias filed this lawsuit ("the Federal Lawsuit") on February 9, 2004.  In the Federal Lawsuit, Casias alleges Defendant Southwest Medical Associates violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 – 12213 ("ADA") by terminating her employment.  Because of the ADA's and the New Mexico Human Rights Act's overlapping coverage, Casias filed both State and Federal Court actions.  On December 12, 2003, two months before filing the Federal Lawsuit, Casias filed a lawsuit in the Second Judicial District Court for New Mexico ("the State Lawsuit").  The State Lawsuit alleges Southwest Medical violated

her rights under the New Mexico Human Rights Act, N.M.S.A. 1978, §§ 28-1-1 – 28-1-15 ("NMHRA") by terminating Casias' employment.

Both the Federal Lawsuit and the State Lawsuit allege Southwest Medical discriminated against Casias based on her alleged disability.  The two lawsuits arise out of the same facts and circumstances; indeed, the operative facts set forth in the Federal Complaint are identical to those set forth in the State Complaint.  Compare Federal Complaint ¶¶ 13-21, at 2-3, (Doc. 1) with State Complaint ¶¶ 6-14, at 2-3.  Southwest Medical's counsel has suggested to Casias' counsel that the Court consolidate the two lawsuits to avoid piecemeal litigation.  Casias' counsel has declined to consolidate the cases, but rather has offered to stay the Federal Lawsuit until completion of the State Lawsuit.  At the hearing on this motion, Casias' counsel acknowledged: "THE COURT: And are you conceding that Colorado River does require abstention in this case? MR. MONTOYA: We think that there is sufficient likelihood to make litigating that point not worthwhile, Your Honor.  So we're prepared, and we're prepared, to stipulate to a stay." Partial Transcript of Hearing at 2:2-7 (June 18, 2004).  Defendant Southwest Medical Associates moves the Court, pursuant to the abstention doctrine set forth in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976),  for an order dismissing Casias' Federal Complaint.

## LAW ON ABSTENTION

Under the abstention doctrine set forth in Colorado River, federal courts have the power to prevent forum shopping and piecemeal litigation.  See Garcia v. Tamir, 1999 W.L. 587902 * 3 (S.D.N.Y. 1999).  In Colorado River, the Supreme Court of the United States held that abstention by a federal court may be appropriate in cases of concurrent state and federal jurisdiction.  According to the Supreme Court, the decision whether to abstain rests on considerations of "wise judicial

administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conservation District v. United States. 424 U.S. at 817. The defendants generally will have a difficult burden to show that abstention is appropriate and "only the clearest of justifications will warrant dismissal." Id.

The Supreme Court has established the following four factors to consider when determining whether federal court abstention is appropriate based on concurrent jurisdiction of state and federal courts: "(1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction." Fox v. Maulding, 16 F.3d 1079, 1082 (10th Cir. 1994)(citing Colorado River Water Conservation District v. United States, 424 U.S. 800, 818 (1976)). The Supreme Court has also discussed additional factors such as "the vexatious or reactive nature of either the federal or state action; whether federal law provides the rule of decision; and the adequacy of the state court action to protect the federal plaintiff's rights." Id. (citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 18 n. 20, 23, 28 (1983)). "No single factor is dispositive . . . Rather than use the factors as a 'mechanical checklist,' a court should engage in 'a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" Fox v. Maulding, 16 F.3d at 1082 (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. at 937).

The Garcia v. Tamir case is procedurally similar to this case and Southwest Medical argues that it is instructive. In Garcia v. Tamir, the plaintiff filed a complaint in state court alleging violation of state wage and hour laws, and subsequently filed a federal complaint alleging violation of the Federal Fair Labor Standards Act. Both cases arose out of the same operative facts. Relying heavily

on the Supreme Court's decision in <u>Colorado River</u>, and applying the <u>Colorado River</u> abstention doctrine, the United States District Court for the Southern District of New York dismissed the plaintiff's federal complaint, leaving the plaintiff to litigate his claims in state court.

The United States Court of Appeals for the Tenth Circuit has held on several occasions that a stay rather than a dismissal is the appropriate remedy where state and federal litigation parallel each other.  In <u>Fox v. Maulding</u>, the Tenth Circuit held that, in the case of abstention under <u>Colorado River</u>, "the better practice is to stay the federal action pending the outcome of the state proceedings." <u>Fox v. Maulding</u>, 16 F.3d at 1083.  The Tenth Circuit made the rationale for this position clear: "In the event the state court proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action."  <u>Fox v. Maulding</u>, 16 F.3d at 1083.  <u>See</u> <u>Allen v. Board of Educ.</u>, 68 F.3d 401, 404 (10th Cir. 1995)("A court has no discretion to dismiss rather than to stay an action if the plaintiff has set forth claims for monetary damages that cannot be redressed in state court.  Further, this court has expressed a general preference in abstention cases for issuance of a stay rather than dismissal.")(citations omitted).

A 1989 case from the United States Court of Appeals for the Ninth Circuit is also instructive. In <u>Attwood v. Mendocino Coast Dist. Hospital</u>, 886 F.2d 241 (9th Cir. 1989), the Ninth Circuit addressed the question whether a stay or dismissal was appropriate when: (i) the parties agreed that abstention was appropriate; and (ii) there was the risk that the statute of limitations would run and the plaintiff would lose the ability to proceed in Federal Court.  <u>See</u> <u>id.</u> at 243.  The Ninth Circuit held that the "district court should have stayed rather than dismissed Attwood's action."  <u>Id.</u>

## ANALYSIS

Southwest Medical contends that, by maintaining two identical lawsuits, Casias is attempting to avail herself of the benefits/advantages afforded to her in state and federal court and the benefits of her state and federal claims, without accepting the corresponding burdens.  For example, Southwest Medical asserts that Casias wishes to pursue her state law claims in state court where she cannot obtain punitive damages if she prevails, while holding over Southwest Medical's head the prospect of later obtaining punitive damages on her federal claims in federal court.  See § 28-1-13D; Behrmann v. Phototron Corp., 110 N.M. 323, 328, 795 P.2d 1015, 1020 (1990)(holding that punitive damages are not available under the New Mexico Human Rights Act); 42 U.S.C. § 1981a(a)(1); Equal Employment Opportunity Comm'n v. Waffle House, Inc., 534 U.S. 279, 286 (2002)(recognizing that punitive damages are available in employment discrimination claim brought under the ADA).  By declining to consolidate the cases, which would allow Southwest Medical to remove the entire case to federal court, Southwest Medical argues that Casias is seeking to avoid the sometimes exacting scheduling and discovery obligations in federal court and the rigorous examination of federal claims that will occur in federal court.  Southwest Medical contends that the Court should refuse to endorse Casias' attempt to forum shop or to allow Casias to pursue her claims in a piecemeal fashion.

The Court must look to the Colorado River factors in determining the appropriate course of action, keeping in mind the Tenth Circuit's admonishment that it generally prefers that courts issue a stay rather than abstaining from exercising jurisdiction.  The first two factors listed in Colorado River are inapplicable in this case.  There is no res or property involved in either action, and neither the state nor federal forum is inconvenient.  The inapplicability of these factors weighs in favor of

exercising jurisdiction in this case.

The third factor, the desirability of avoiding piecemeal litigation, favors Southwest Medical in this case as it favored the defendants in Garcia v. Timar.  As in Garcia v. Timar, the state and the federal claims are "inextricably linked."  1999 WL 587902 at * 3.  The two actions in this case both allege disability discrimination arising out of Casias' alleged termination of employment.  That Casias may recover certain things in state court or federal court that she cannot obtain in the other, i.e., punitive damages, is not determinative.  See id.  Because these two actions are virtually identical, the danger of piecemeal litigation is an important consideration.  See id. at * 4.  The primary concern is that parallel proceedings will lead to inconsistent and contradictory determinations.  See id.  The danger of piecemeal litigation weighs in favor of abstention.  The court in Garcia v. Timar did not believe staying the federal case, as Casias suggests in this case, would adequately address the danger of piecemeal litigation.

The fourth factor also favors Southwest Medical in this case, because Casias filed the State Lawsuit two months before she filed the Federal Lawsuit.  Thus, the four factors that the Supreme Court identified in Colorado River balance evenly between the parties.  As to the additional factors that the Supreme Court discussed in later cases, the Court notes that the record does not contain an indication that the Federal Litigation is vexatious or reactive and that, while federal law provides the rule of decision for the Federal Litigation, state law provides the rule of decision with regard to the State Litigation.  The Court does not believe this case is an example of impermissible forum shopping warranting a dismissal of the Federal Litigation.

Southwest Medical has not pointed to Tenth Circuit cases that support its argument that dismissal is appropriate, as opposed to the less severe option of entering a stay in the Federal

-6-

Litigation.  The trend in the Tenth Circuit supports staying the concurrent Federal Court action rather than outright dismissal.  Moreover, in this case, a dismissal without prejudice could, in effect, be a dismissal on the merits because of the ninety-day limit to file a federal court action after the Equal Employment Opportunity Commission issued a right to sue letter.  The Court will not, therefore, dismiss the case.

The Court will issue a stay of the Federal Litigation for 120 days from the date of the hearing on this motion.  The parties are to appear for a Status Conference on **October 18, 2004 at 8:30 a.m.** to set a schedule in this case or to explain why the stay should be continued, although they are free to approach the Court before that time if necessary as a result of changed circumstances.

**IT IS ORDERED** that the Defendant's Motion to Dismiss is denied in part and granted in part.  The request for an order dismissing the Plaintiff's Complaint is denied.  The case is stayed for 120 days.  The parties will appear for a status conference on October 18, 2004 at 8:30 a.m. to set a schedule in this case or to explain why the stay should be continued.  Nothing herein precludes either party from approaching the Court before October 18, 2004 to request the Court to reconsider the stay because of changed circumstances.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Dennis W. Montoya
Montoya Law, Inc.
Albuquerque, New Mexico

*Attorney for the Plaintiff*

-7-

Patrick D. Allen
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

*Attorney for the Defendant*