# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LORRAINE CASIAS,

        Plaintiff,

vs.                                                                      No. CIV 04-0142 JB/ACT

SOUTHWEST MEDICAL ASSOCIATES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Southwest Medical Associates'
Motion for Summary Judgment and Memorandum of Law in Support, filed August 10, 2005 (Doc.
11). The Court held a hearing on this motion on October 14, 2005. The primary issue is whether res
judicata bars the instant action because of a prior judgment rendered in favor of Southwest Medical
Associates ("Southwest") and against Plaintiff Lorraine Casias in state court. Because the Court
concludes that the prior judgment meets the requirements of res judicata, the Court grants the motion.

## FACTUAL BACKGROUND

Southwest hired Casias as a Patient Account Coordinator on May 21, 2001. See Casias II
Complaint ¶ 15, at 2. More than a year later, Casias was diagnosed with multiple sclerosis. See id.
¶ 16, at 3. On February 17, 2003, Casias resigned from her position at Southwest. See id. ¶ 19, at
3.

## PROCEDURAL BACKGROUND

Two lawsuits emerged from this sparse set of facts. Casias filed a Complaint in the Second
Judicial District Court for New Mexico in Casias v. Southwest Medical Associates, No. CV-2003-

08387 (Dist. Ct. N.M.) ("Casias I"), on December 12, 2003.  The Casias I Complaint alleged that Casias was forced to choose between resigning or being fired from her job at Southwest because of her medical condition, in violation of the New Mexico Human Rights Act.  See Casias I Complaint ¶ 16, at 3.  Casias premised her right to recovery in Casias I on the New Mexico Human Rights Act. See id. ¶¶ 15-17, at 3.

Casias initiated the second action when she filed a Complaint in the United States District Court for the District of New Mexico in Casias v. Southwest Medical Associates, No. 04cv0142 (D.N.M.) ("Casias II"), on February 9, 2004.  The factual section of the Casias II Complaint tracks almost verbatim the factual section of the Casias I Complaint.  Compare Casias I Complaint ¶¶ 6-14, at 2-3, with Casias II Complaint ¶¶ 13-21, at 2-3.  Casias similarly alleged that being given the choice of termination or resignation because of her medical condition violated the law.  See Casias II Complaint ¶ 23, at 3.  In Casias II, however, Casias argued that this action violated the Americans with Disabilities Act.  See id. ¶¶ 22-27, at 3-4.

On April 23, 2004, Southwest filed a motion to dismiss in Casias II, contending that the Court should abstain from hearing the case while the state action proceeded.  See Defendant's Motion to Dismiss and Memorandum of Law in Support at 2-5, filed April 23, 2004 (Doc. 2).  The Court granted Southwest's motion in part, issuing a stay of Casias II for 120 days.  See Memorandum Opinion and Order at 7, filed July 16, 2004 (Doc. 10).

On August 4, 2005, the New Mexico District Court granted Southwest's Motion for Summary Judgment in Casias I because of discrepancies between Casias' Complaint and statements she made to the Social Security Administration about her ability to work.  See Order Granting Defendant's Motion for Summary Judgment at 1 (dated August 4, 2005).  Without missing a beat,

Southwest promptly filed for summary judgment in <u>Casias II</u> on the ground that the final judgment in <u>Casias I</u> acted as res judicata in this proceeding, entitling Southwest to judgment as a matter of law in this case as well.  <u>See</u> Defendant Southwest Medical Associates' Motion for Summary Judgment and Memorandum of Law in Support ("Motion for Summary Judgment") at 3-4.

In her response, Casias "does not dispute the recitation of facts in [Southwest's] Motion for Summary Judgment."  Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment ("Response") at 1, filed August 29, 2005 (Doc. 12).  Casias asserts that "[i]t would be improper at this stage to dismiss" <u>Casias II</u> and that the Court "must" stay the action while she appeals the final judgment in <u>Casias I</u> to the New Mexico Supreme Court.  <u>Id.</u>  Casias concedes that New Mexico res judicata law controls and that "it is not disputed that all four elements necessary to establish res judicata have been met."  <u>Id.</u> at 2.

In spite of this striking concession, Casias goes on to say that New Mexico law requires the enforcement of a final judgment to be stayed for sixty days "to allow the non-prevailing party an opportunity to request a stay of execution and for a supersedeas bond."  <u>Id.</u> at 2-3.  Casias represents that she "will" ask for such a stay and that the Court should deny summary judgment in <u>Casias II</u> to allow her to prosecute her appeal in the New Mexico state court system.  <u>Id.</u> at 3.

Southwest replies by noting that a judgment in New Mexico is final and has preclusive effect even before the appeals process has run its course.  <u>See</u> Reply in Support of Defendant Southwest Medical Associates' Motion for Summary Judgment at 2, filed September 15, 2003 (Doc. 13).  Southwest maintains that, given the law of res judicata in New Mexico, <u>Casias I</u> bars already this action even though the New Mexico Court of Appeals has yet to reach a decision on <u>Casias I</u>.  <u>See</u> <u>id.</u>

-3-

The Court held a hearing on this motion on October 14, 2005.  Southwest told the Court that, to its knowledge, Casias never filed a request for a stay in the New Mexico District Court, even though Casias had indicated in her Response that she would seek a stay.  See Transcript of Hearing at 4:11-12 (taken October 14, 2005).[1]  According to Southwest, Casias has filed a notice of appeal in Casias I.  See id. at 4:19-20.  Southwest indicated its belief that, if the Court grants summary judgment in this case and Casias is subsequently successful in having the judgment in Casias I reversed, then Casias would probably be able to reopen this case by filing a motion under rule 60(b) of the Federal Rules of Civil Procedure.  See id. at 5:17-23.

Casias explained that New Mexico law on final judgments "is not as set in stone as [Southwest] would have it" because the case upon which Southwest relies, for the principle that a judgment is final before the appeals process is completed, "had a rather unique posture" that distinguishes the case from this matter.  Id. at 8:4-6.  Casias reiterated that she still intends to file a supersedeas bond in New Mexico state court.  See id. at 9:1-5.  Casias also represented that denying summary judgment would promote judicial economy, as opposed to the possibility of having to reopen this case on a rule 60(b) motion.  See id. at 9:6-11.

## LAW ON SUMMARY JUDGMENT

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The opposing party may not

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citing Fed. R. Civ. P. 56(e)).

## LAW ON RES JUDICATA

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980)(citing Cromwell v. County of Sac, 94 U.S. 351, 352 (1877)).  See also Reed v. McKune, 298 F.3d 946, 950 (10th Cir. 2002)(quoting Allen v. McCurry, 449 U.S. at 94).  "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  See also Davis v. Gracey, 111 F.3d 1472, 1477 (10th Cir. 1997)(explaining that a court "'must give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state in which the judgments were rendered'" (quoting Comanche Indian Tribe of Okla. v. Hovis, 53 F.3d 298, 302 (10th Cir. 1995))).  Res judicata serves the important policies of "finality, judicial economy, preventing repetitive litigation and forum-shopping, and 'the interest in bringing litigation to an end.'" Plotner v. AT&T Corp., 224 F.3d 1161, 1168 (10th Cir. 2000)(quoting Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1258 (10th Cir. 1997)).  Put simply, the doctrine "involves the impropriety of permitting parties to have two bites at the apple." Kenman Eng'g v. City of Union, 314 F.3d 468, 478 (10th Cir. 2002)(quoting Lemonds v. St. Louis County, 222 F.3d 488, 495 (8th Cir. 2000))(internal quotations omitted).

New Mexico courts have recognized that "[a] summary judgment is a final judgment" and a

dismissal with prejudice "constitutes an adjudication of the merits and is thus res judicata of the issues between the parties and their privies." Campos v. Brown Constr. Co., 85 N.M. 684, 686, 515 P.2d 1288, 1290 (Ct. App. 1973)(citations omitted).  In New Mexico, for res judicata to bar a second action because of a judgment in a prior action, "[t]he second suit must be identical with the prior action in four respects: 1) the parties must be the same or in privity; 2) the subject matter must be identical; 3) the capacity or character of persons for or against whom the claim is made must be the same; and 4) the same cause of action must be involved in both suits." Myers v. Olson, 100 N.M. 745, 747, 676 P.2d 822, 824 (1984)(citations omitted).  See Strickland v. City of Albuquerque, 130 F.3d 1408, 1411 (10th Cir. 1997)(giving the Myers elements as the requirements for res judicata in New Mexico).

New Mexico uses a "transactional analysis" to determine whether two causes of action are identical.  Apodaca v. AAA Gas Co., 134 N.M. 77, 101, 73 P.3d 215, 239 (Ct. App. 2003)(citation omitted).  The transactional analysis bars "relitigation of any claim that arises out of all or any part of the transaction, or a series of connected transactions, out of which the action arose." Id. (internal quotations omitted)(citation omitted).  A court determines what is a transaction "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties [sic] expectations or business understanding or usage." Id. (internal quotations omitted)(citations omitted).  "[A] mere change in a legal theory does not create a new cause of action." Id. (internal quotations omitted)(citation omitted).  The transaction test mandates that the Court "examine the operative facts underlying the claims made in the two lawsuits." Id. (internal quotations omitted)(citation omitted).

"Federal law and New Mexico law are not divergent on claim preclusion doctrine, and both

find the Restatement (Second) of Judgments (1982) . . . persuasive."  Moffat v. Branch, 138 N.M.

224, ___, 118 P.3d 732, 736 (Ct. App. 2005)(citation omitted), cert. granted, 119 P.3d 1266 (N.M.

2005).  See also Ford v. N.M. Dep't of Pub. Safety, 119 N.M. 405, 413, 891 P.2d 546, 554 (Ct. App.

1994)("Federal law and New Mexico law do not appear to diverge on [claim preclusion]; both

generally find the Restatement to be persuasive." (citations omitted)).  The Restatement states:

> [A] judgment otherwise final remains so despite the taking of an appeal unless what
> is called an appeal actually consists of a trial de novo; finality is not affected by the
> fact that the taking of the appeal operates automatically as a stay or supersedeas of
> the judgment appealed from that prevents its execution or enforcement, or by the fact
> that the appellant has actually obtained a stay or supersedeas pending appeal.

Restatement (Second) of Judgments § 13, cmt. f (1982).  The New Mexico Court of Appeals has

explained that the Restatement rule, that a final judgment is preclusive even if it is currently being

appealed, is "consistent with New Mexico precedent and the goal of fostering judicial economy."

Brunacini v. Kavanagh, 117 N.M. 122, 29, 869 P.2d 821, 828 (Ct. App. 1993)(quoting Restatement

(Second) of Judgments § 13, cmt. f).  The Restatement rule has been adopted by the federal courts,

including the United States Court of Appeals for the Tenth Circuit, and a majority of the states.  See

Ruyle v. Continental Oil Co., 44 F.3d 837, 846 (10th Cir. 1994)("Under the federal view, the

pendency of an appeal does not prevent application of the collateral estoppel doctrine unless the

appeal involves a full trial de novo. The majority of state courts follow the federal rule.  The federal

rule is likewise embodied in the Restatement (Second) of Judgments." (citations omitted)).  See also

Cadorette v. United States, 988 F.2d 215, 222 (1st Cir. 1993)(citation omitted); Wood v. Several

Unknown Metro. Police Officers, 835 F.2d 340, 344 (D.C. Cir. 1987)("We recently reiterated that

'a judgment otherwise final [generally] remains so despite the taking of an appeal.'" (citing Martin

v. Malhoyt, 830 F.2d 237, 264 (D.C. Cir. 1987)(alteration in original)); Prager v. El Paso Nat'l Bank,

417 F.2d 1111, 1112 (5th Cir. 1969)(per curiam)(discussing a prior judgment in New Mexico and

holding that "[t]he fact that the judgment is now on appeal to the New Mexico Supreme Court

(where it remains undecided) has no effect on its absolute effect as a bar"); Norman v. Bucklew, 684

So. 2d 1246, 1255 (Miss. 1996)(teaching that "[t]he various states have ruled with virtual unanimity

that a judgment is 'final' for res judicata and collateral estoppel purposes even though pending on

appeal" and citing cases in eleven other states and the District of Columbia); Scurlock Oil Co. v.

Smithwick, 724 S.W.2d 1, 6 (Tex. 1986)("The established rule in federal courts is that a final

judgment retains all of its res judicata consequences pending decision on appeal, except in the unusual

situation in which the appeal actually involves a full trial de novo." (citations omitted)).

### RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

> On motion and upon such terms as are just, the court may relieve a party or a party's
> legal representative from a final judgment, order, or proceeding for the following
> reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior
> judgment upon which it is based has been reversed or otherwise vacated, or it is no
> longer equitable that the judgment should have prospective application; or (6) any
> other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The second half of rule 60(b)(5) allows for relief from a final judgment that

is "based on [a] prior judgment in the sense of res judicata or collateral estoppel." Klein v. United

States, 880 F.2d 250, 258 n.10 (10th Cir. 1989). See Livera v. First Nat'l State Bank, 879 F.2d 1186,

1190 (3d Cir. 1989)("[Rule 60(b)(5)] typically operates in the situation where Party A prevails on the

merits in court 1, and subsequently uses that decision to execute judgment against Party B in court

2. Rule 60(b)(5) enables Party B to set aside the judgment in court 2 if it prevails in an appeal of

court 1's decision."); Tomlin v. McDaniel, 865 F.2d 209, 210-11 (9th Cir. 1989)("Moreover, the

application of Rule 60(b)(5) is limited to a judgment based on a prior judgment reversed or otherwise vacated -- based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding." (citations omitted)).

The Tenth Circuit has characterized rule 60(b)(6) as a "'grand reservoir of equitable power to do justice in a particular case.'" Johnston v. Cigna Corp., 14 F.3d 486, 497 (10th Cir. 1993)(quoting Pierce v. Cook & Co., 518 F.2d 720 (10th Cir. 1975)(en banc)). Relief under rule 60(b)(6) "is extraordinary and may only be granted in exceptional circumstances. A district court should grant relief from judgment under Rule 60(b)(6) only when it offends justice to deny such relief." Searles v. Dechant, 393 F.3d 1126, 1131 (10th Cir. 2004)(internal quotations omitted)(citations omitted). "A court may not premise Rule 60(b)(6) relief, however, on one of the specific grounds enumerated in clauses (b)(1) through (b)(5)." In re Gledhill, 76 F.3d 1070, 1080 (10th Cir. 1996)(citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988)). A denial of a rule 60(b)(6) motion will be reversed on appeal only if the Circuit finds "'a complete absence of a reasonable basis and [is] certain . . . that the decision is wrong.'" Middle Rio Grande Conservancy Dist. v. Norton, 294 F.3d 1220, 1225 (10th Cir. 2002)(quoting Yapp v. Excel Corp., 186 F.3d 1222, 1232 (10th Cir. 1999)).

## ANALYSIS

The judgment in Casias I is res judicata and bars Casias from continuing her suit against Southwest in Casias II. According to the New Mexico State District Court, Casias told the Social Security Administration that she was unable to work. See Order Granting Defendant's Motion for Summary Judgment at 1. This simple statement unraveled her case against Southwest in Casias I because it contradicted her Complaint, wherein she stated that she was qualified to perform her job.

See id.  The New Mexico State District Court granted Southwest summary judgment when Casias failed to provide a "reasonable explanation for this inconsistency."  Id.  Southwest now asks the Court to give the New Mexico judgment against Casias preclusive effect in this matter and thereby prevent Casias from maintaining Casias II any further.  See Motion for Summary Judgment at 2.

The Court begins by examining whether Casias I qualifies as res judicata under New Mexico law, which controls the preclusive effect of its own judgments.  See Migra v. Warren City School Dist. Bd. of Education, 465 U.S. at 81; Davis v. Gracey, 111 F.3d at 1477 (citation omitted).  In New Mexico, Casias I would bar Casias II if the two actions are identical with regard to parties, subject matter, the capacity or character of persons for or against whom the claims are made, and the causes of action in the two suits.  See Myers v. Olson, 100 N.M. at 747, 676 P.2d at 824 (citations omitted).

The parties in Casias I are the same parties in Casias II: Casias is the plaintiff and Southwest is the defendant.  Compare Casias I Complaint (Caption) at 1, with Casias II Complaint (Caption) at 1.  The two causes of action involve the same subject matter, namely whether Southwest acted to end Casias' employment in violation of the law.  Compare Casias I Complaint, with Casias II Complaint. The capacity or character of both parties is the same because Casias is the aggrieved former employee and plaintiff, and Southwest is the alleged wrongful former employer and defendant, in both cases. Id.

Regarding the identical causes of action requirement, the Court employs the transactional analysis adopted by the New Mexico courts and finds that the same operative facts underlie both Casias I and Casias II.  See Apodaca v. AAA Gas Co., 134 N.M. at 101, 73 P.3d at 239.  As an initial matter, the Complaints in both cases set forth, almost word-for-word, the same facts.  Compare Casias I Complaint ¶¶ 6-14, at 2-3, with Casias II Complaint ¶¶ 13-21, at 2-3.  Even if the factual

sections of both Complaints were not virtual mirror images of each other, Casias I and Casias II revolve around the same transaction, specifically Casias' employment with Southwest and Southwest's alleged pressure on Casias to resign or be fired because of her disability.  See id.  The facts in the state and federal cases align exactly as to time, space, origin, and motivation, and constitute a single unit that could be easily tried together.  See id.

All of the requirements to give preclusive effect to the judgment in Casias I are thus met. Indeed, Casias does not dispute that New Mexico law governs and that "all four elements to establish res judicata have been met."   Response at 2.  Because the judgment in Casias I dismissed all of Casias' claims against Southwest, the Court must similarly dismiss all of Casias' claims against Southwest in Casias II.

Casias, however, explains that she will ask the New Mexico State District Court to stay enforcement of the judgment in Casias I to allow her to prosecute her appeal.  See id. at 3.  Once the New Mexico State District Court so orders, she asserts, this Court should then stay Casias II.  See id.  Otherwise, she may have to expend resources unnecessarily on reopening Casias II if Casias I is reversed.  See id.  In effect, Casias asks the Court to deny without prejudice Southwest's motion because of the potential harm to judicial economy if the judgment in Casias I is thrown out.  See id. at 2-3; Transcript of Hearing at 9:6-11.  Casias also fears that reopening the judgment in Casias II may not be possible under rule 60(b).  See Transcript of Hearing at 8:20-25.

Casias' argument is unpersuasive.  The New Mexico Court of Appeals has stated that a judgment is final even if it is currently being appealed.  See Brunacini v. Kavanagh, 117 N.M. at 128-29, 869 P.2d at 827-28.  Casias' current prosecution of her appeal leaves intact Casias I's preclusive effect on Casias II.  See id.  Casias I's status as res judicata would be unchanged even if the New

Mexico District Court had granted a stay and a supersedeas bond.  <u>See id.</u>  ("[F]inality is not affected by the fact that the taking of the appeal operates automatically as a stay or supersedeas of the judgment appealed from that prevents its execution or enforcement, or by the fact that the appellant has actually obtained a stay or supersedeas pending appeal.").  Even assuming, arguendo, that the grant of a stay and supersedeas bond would alter the outcome here, the Court notes that Casias did not file for a stay or a bond within the sixty-day period following the judgment in which a losing party is supposed to request such relief.  <u>See</u> Transcript of Hearing at 4:11-12, 9:1-5.  In fact, as of the hearing, Casias had still not filed for this relief.  <u>See id.</u>

Despite <u>Brunacini</u>'s language, Casias asserts that the Court should not follow <u>Brunacini</u> because it involved whether the statute of limitations for a legal malpractice claim was tolled during an appeal of a related action for breach of contract, factual circumstances which are different from those set forth here.  <u>See</u> Transcript of Hearing at 8:4-14; <u>Brunacini v. Kavanagh</u>, 117 N.M. at 128, 869 P.2d at 827.  While there may be some daylight between <u>Brunacini</u> and this case regarding the precise factual backdrop of the two cases, and <u>Brunacini</u> is a Court of Appeals decision rather than a Supreme Court opinion, Casias fails to illuminate why the New Mexico Supreme Court would find this difference is controlling in this case.  It is not a federal court's place to disregard the New Mexico Court of Appeals' conclusion about the preclusive effect of a final judgment while on appeal because a few facts are different from <u>Brunacini</u> without any explanation why these differences matter.  Indeed, the New Mexico Court of Appeals' language describing the rule regarding final judgments as "consistent with New Mexico precedent" makes the Court particularly wary of deciding that the Brunacini rule is <u>not</u> consistent with New Mexico precedent.  <u>See Brunacini v. Kavanagh</u>, 117 N.M. at 129, 869 P.2d at 828.  If the Court of Appeals is basing its decision on a review of the New

Mexico Supreme Court's precedents, this Court should be reluctant to conclude that the New Mexico Court of Appeals is reading these precedents incorrectly.

The Court's conclusion is strengthened by the fact that the New Mexico Court of Appeals has expressly stated that New Mexico law finds the Restatement's rules on claim preclusion persuasive and that New Mexico does not diverge from federal claim preclusion law. See Moffat v. Branch, 138 N.M. at 224, 118 P.3d at 736; Ford v. N.M. Dep't of Pub. Safety, 119 N.M. at 413, 891 P.2d at 554. Both the Restatement and the federal courts adhere to the rule that a final judgment has preclusive effect even though an appeal of the judgment is pending. See Restatement (Second) of Judgments § 13, cmt. f; Ruyle v. Continental Oil Co., 44 F.3d at 846 (citations omitted); Scurlock Oil Co. v. Smithwick, 724 S.W.2d at 6 (citations omitted). A majority of the states also have adopted the same rule as the New Mexico Court of Appeals did in Brunacini. See Norman v. Bucklew, 684 So. 2d at 1255. Given that so many other jurisdictions have concluded that the Restatement rule has merit, and that the New Mexico Court of Appeals has found that New Mexico claim preclusion law does not diverge from federal claim preclusion law, the Court concludes that the Supreme Court of New Mexico would also likely adopt the Restatement rule and find that a final judgment has preclusive effect even if an appeal is pending on the final judgment.

Casias also expresses some doubt that she will be able to reopen these proceedings if the Court grants Southwest's motion and subsequently the New Mexico state courts reverse Casias I. See Transcript of Hearing at 8:20-25. Such a concern, if warranted, would make the Court hesitant to dismiss with prejudice Casias II based on a prior judgment that may or may not survive on appeal.

While the Court need not decide a rule 60(b) motion that is not before it and may never be before it, the Court notes that the drafters of the Federal Rules of Civil Procedure may be one step

ahead of the parties, for rule 60(b)(5) appears to specifically contemplate this scenario. Rule 60(b)(5) allows a party to move for relief from a final judgment if "a prior judgment upon which [the subsequent judgment] is based has been reversed or otherwise vacated." Fed. R. Civ. P. 60(b)(5). Southwest seeks to have <u>Casias II</u> dismissed based on the prior judgment in <u>Casias I</u>. If <u>Casias I</u> is later reversed, then rule 60(b)(5) by its terms would appear to allow Casias to seek relief from the judgment in <u>Casias II</u>. The Tenth and other Circuits have recognized that this rule applies to the situation in which one case is dismissed because a prior case serves as res judicata. <u>See</u> <u>Klein v. United States</u>, 880 F.2d at 258 n.10; <u>Livera v. First Nat'l State Bank</u>, 879 F.2d at 1190; <u>Tomlin v. McDaniel</u>, 865 F.2d at 210-11. And even if rule 60(b)(5) did not cover the situation in which Casias finds herself, then Casias could attempt to call on the Court's equitable power under rule 60(b)(6) and move for relief on the ground that it would offend justice to allow the judgment in <u>Casias II</u> to stand after the judgment in <u>Casias I</u> has fallen.

Casias maintains that requiring her to come back to the Court to seek relief from judgment would waste the parties' and the Court's resources. <u>See</u> Response at 2-3; Transcript of Hearing at 9:6-11. In fact, the opposite would be true, because the Court runs the risk of needlessly expending judicial resources on this case if it denies Southwest's motion and the New Mexico state courts affirm the judgment in <u>Casias I</u>. While the Court concedes that moving for relief from judgment in <u>Casias II</u> would force Casias to incur more expense in this litigation, there is also the price in what will have to be paid in money, time, and effort if this case proceeds further when New Mexico law forbids it. The Court will thus grant Southwest's motion with prejudice.

**IT IS ORDERED** that the Defendant Southwest Medical Associates' Motion for Summary Judgment and Memorandum of Law in Support is granted

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Dennis W. Montoya
Montoya Law, Inc.
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Patrick D. Allen
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

    *Attorney for the Defendant*

-15-